UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:20CV-00071-JHM**

**JOHNNIE SIMS-MADISON**                                                                                     **PLAINTIFF**

**V.**

**DANA COMMERCIAL VEHICLE
MANUFACTURING, LLC., and
UNITED STEEL WORKERS OF AMERICA
LOCAL 9443-2**                                                                                                        **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, United Steel Workers of America Local 9443-2, to dismiss. [DN 6]. Fully briefed, this matter is ripe for decision.

**I. BACKGROUND**

Plaintiff, Johnnie Sims-Madison, is a 67-year-old African American woman who was hired by Defendant, Dana Commercial Vehicle Manufacturing, LLC, (hereinafter "Dana"), in October of 2003. She was employed as a Material Handler. On September 6, 2018, Dana issued a five-day suspension to Plaintiff for disrespectful behavior and language. [DN 1-3, Complaint ¶¶ 10-12]. On September 14, 2018, Dana reduced Plaintiff's suspension to one day and issued a "final warning." The reason given for lessening her suspension was that she intended to retire in January of 2019. According to Plaintiff, Terry Yancy, the President of the local steel workers union, falsely stated during Dana's investigation that Plaintiff intended to retire in January of 2019. [*Id*. at ¶¶ 14-15]. She did not retire at that time.

On February 6, 2019, Dana suspended Plaintiff indefinitely while Dana investigated a complaint alleging that she was loud and disruptive. Plaintiff asserts that this suspension was in violation of the Collective Bargaining Agreement ("CBA") between Dana and United Steel

Workers of America Local 9443-2 ("United Steel"). [*Id*. at ¶ 18]. Plaintiff alleges that despite being aware that the suspension was in violation of the Collective Bargaining Agreement, neither Yancy nor anyone at United Steel took action to protect Plaintiff's rights. Plaintiff remained suspended for 28 working days until March 18, 2019, when Dana sent a letter to Plaintiff informing her that the investigation was complete and terminating her effective February 6, 2019. [*Id*. at ¶¶ 18-21]. Plaintiff claims that the suspension was far beyond the maximum suspension of five days provided in the CBA and that no one from Dana or United Steel contacted Plaintiff to obtain her side of the story or investigate the misconduct. Plaintiff maintains that this failure to investigate by United Steel and Dana violates the CBA. [*Id*. at ¶ 22]. Plaintiff further argues that similarly situated white and younger employees and union members were treated more favorably. [*Id*. at ¶23].

On April 21, 2020, Plaintiff filed suit in Daviess County Circuit Court alleging violations of the Kentucky Civil Rights Act ("KCRA") and KRS § 344.060[1] for race and age discrimination. [DN 1-3, Complaint]. On May 7, 2020, Defendants filed a joint notice of removal based on diversity jurisdiction. On May 14, 2020, Dana filed an answer to the complaint. [DN 5]. On May 18, 2020, United Steel filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that Plaintiff's state law claims are preempted by § 301 of the Labor Management Relations Act ("LMRA") and are also time-barred under the LMRA.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6),

---

[1] KRS § 344.060 provides in relevant part:
    It is an unlawful practice for a labor organization:
    (1) To exclude or to expel from its membership, or otherwise to discriminate against, a member or applicant for membership because of race, color, religion, national origin, sex, or age forty (40) and over, or because the person is a qualified individual with a disability.
KRS § 344.060.

a court "must construe the complaint in the light most favorable to plaintiff," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." *Id*. at 678–679. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

Section 301 of the LMRA authorizes district courts to hear "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a). "Section 301 governs claims founded directly on rights created by [CBAs], and also claims substantially dependent on analysis of a [CBA]." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (citations and internal quotation marks omitted). "[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (internal citation omitted).

**A. Preemption**

United Steel argues that § 301 of the LMRA preempts Plaintiff's KCRA race and age discrimination claims. [DN 6-1 at 4–5]. To determine whether a plaintiff's claims are preempted by § 301 of the LMRA, the Sixth Circuit uses a two-step test:

> First, courts must determine whether resolving the state-law claim would require interpretation of the terms of the [labor contract]. If so, the claim is preempted. Second, courts must ascertain whether the rights claimed by the plaintiff were created by the [labor contract], or instead by state law. If the rights were created by the [labor contract], the claim is preempted. In short, if a state-law claim fails either of these two requirements, it is preempted by § 301.

*Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 519 (6th Cir. 2012) (alteration in original) (citations omitted).

In the first step, "[i]f the plaintiff can prove all of the elements of [her] claim without the necessity of contract interpretation, then [her] claim is independent of the labor agreement." *DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994) (citation omitted). "[N]either a tangential relationship to the CBA, nor the defendant's assertion of the contract as an affirmative defense will turn an otherwise independent claim into a claim dependent on the labor contract." *Id.*

Beginning with the first step of the test, to determine whether Plaintiff's KCRA claims require interpretation of the CBA, the Court must look to the elements of race and age discrimination under Kentucky law. "Claims brought under the KCRA are 'analyzed in the same manner'" as claims under Title VII of the Civil Rights Act of 1965 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 393 (6th Cir. 2008) (citation omitted); *Smith v. Leggett Wire Co.*, 220 F.3d 752, 758 (6th Cir. 2000). A plaintiff may prove her claim through direct or circumstantial evidence. *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011) (citation omitted). Plaintiff alleges both

4

race and age discrimination based on circumstantial evidence. [*See* DN 1-3]. To establish a prima facie case of race or age discrimination based on circumstantial evidence, Plaintiff must show that: "1) [she] is a member of a protected class; 2) was qualified for the job; 3) [she] suffered an adverse employment decision; and 4) was replaced by a person outside the protected class or treated differently than similarly situated non-protected employees." *Newman v. Federal Express Corp.*, 266 F.3d 401, 406 (6th Cir. 2001).

Here, to determine whether Plaintiff was treated differently than similarly situated non-protected employees, the CBA would need to be interpreted. In her complaint, Plaintiff alleges that her suspension was "in violation of the Collective Agreement between Dana and United Steel." [DN 1-3 ¶ 18]. She also alleges that "[d]espite being made aware of this wrongful suspension and Agreement violation," United Steel failed to take "action to protect [her] rights under the Agreement." [*Id*. at ¶ 19]. Plaintiff further asserts that from "February 6, 2019 to March 18, 2019, no one from . . . United Steel contacted [her] to obtain her side of the story or investigate the alleged misconduct" and "[t]his failure to investigate violates the Agreement." [*Id.* at ¶ 22]. Finally, Plaintiff alleges that "similarly situated white and younger" union members were treated more favorably by United Steel. [DN 1-3 at ¶ 23].

Plaintiff's claims are "not merely one[s] in which [she] asserts that [United Steel] violated [her] rights under the statute," her allegations require an examination of the CBA because she alleges that United Steel's action violated the CBA. *Saunders v. Ford Motor Co.*, No. 3:14-CV-00594-JHM, 2016 WL 6868155, at *5 (W.D. Ky. Nov. 18, 2016). Specifically, to determine whether the CBA was violated and, in turn, whether United Steel's inaction and failure to investigate violated the CBA, the Court would have to review and interpret the provisions of the CBA related to disciplinary standards and procedures, including the length of suspensions, time

5

limits for discipline, whether the time limits were followed, and whether exceptions exist. Additionally, in determining whether United Steel treated alleged comparators differently, the Court would have to examine the CBA as it applied to the "similarly situated white and younger" union members as well. [DN 1-3 at ¶ 23]. Essentially, Plaintiff's claims require an examination of not only whether United Steel violated the CBA in terms of protecting her rights and failing to investigate the suspension, but also of United Steel's treatment of each similarly situated white or younger union member under the CBA. Thus, Plaintiff's race and age discrimination claims are preempted by § 301 of the LMRA. *See Slinker v. Jim Beam Brands Co.*, 689 F. App'x 406, 408–09 (6th Cir. 2017) (holding that the plaintiff's KCRA age discrimination claim was preempted because the "complaint amply suggest[ed] interpretation of the union contract's drug-testing article is required to adjudicate his claim under Kentucky law"); *see also Paluda v. ThyssenKrupp Budd Co.,* 303 F. App'x 305, 309 (6th Cir. 2008) ("plaintiffs' *prima facie* showing of age discrimination would require proof that plaintiffs were similarly situated to those employees who qualified for treatment as Group B employees under the Plant Closing Agreement and, in turn, whether they were eligible for Mutual Consent Early Retirement Benefits as defined by the Collective Bargaining Agreement"); *Pridy v. Piedmont Nat. Gas Co., Inc.*, No. 3:19-CV-00468, 2020 WL 2098238, at *16 (M.D. Tenn. May 1, 2020).

### B. Breach of Duty of Fair Representation

"Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Thus, the Court construes Plaintiff's claims against United Steel as claims under § 301 of the LMRA. "Actions brought under section 301 are subject to a six-month statute of limitations." *Slinker v. Jim Beam*

*Brands Co.*, 213 F. Supp. 3d 871, 877 (W.D. Ky. 2016), *aff'd*, 689 F. App'x 406 (6th Cir. 2017) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 172 (1983); *Woosley v. Avco Corp.*, 944 F.2d 313, 318 (6th Cir. 1991)). "This limitations period begins to run when the plaintiff knew or should have known 'in the exercise of reasonable diligence' of the acts constituting the section 301 violation." *Slinker*, 213 F. Supp. 3d at 877.

Here, Plaintiff was terminated on March 18, 2019. [DN 1-3 at ¶ 21]. Plaintiff alleges that the Union failed to contact her during the period between her suspension and her termination. [*Id*. at ¶ 22 ]. She filed her complaint on April 21, 2020—13 months after her termination. Therefore, Plaintiff's § 301 claim is time-barred and must be dismissed.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, United Steel Workers of America Local 9443-2, to dismiss [DN 6] is **GRANTED**. United Steel is dismissed from the action.

Joseph H. McKinley Jr., Senior Judge
United States District Court

July 6, 2020

cc: counsel of record